UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-mj-380 (MJS) |
| : | |
| DANIEL DUSTIN DENEUI, : | |
| : | |
| Defendant. : | |

**UNITED STATES' OPPOSITION TO
<u>DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE</u>**

The United States of America, by and through the undersigned Assistant U.S. Attorney, respectfully asks this Court to deny Defendant Daniel Deneui's motion to modify his conditions of release to allow him to travel to Washington, D.C. ECF No. 11. Specifically, the defendant asks this Court to travel to the District of Columbia on January 18–21 for the purpose of attending the Presidential Inauguration on January 20, 2025. *Id*. at 1. The defendant presents a danger to the D.C. community, including the very law enforcement officers who defended the Capitol on January 6, 2021, and continue to serve the citizens of the District.

<u>**FACTUAL BACKGROUND**</u>

On January 6, 2021, thousands of rioters took part in an attack on the U.S. Capitol to stop the certification of the results of the 2020 presidential election. These rioters forced their way into the U.S. Capitol building, requiring elected officials and their staff to flee or shelter in place and resulting in hundreds of injured officers and multiple deaths.

Deneui was one of those rioters. Publicly available photos and videos indicate that Deneui attended the "Stop the Steal" rally at the Ellipse on January 6, 2021. ECF No. 1-1. Around 3:44 p.m., Deneui wielded a collapsible baton while standing in front of a line of police officers. Police deemed that baton to be a danger to police and the members of the crowd; they detained Deneui

1

and confiscated the baton. Deneui was wearing body armor. When police asked if he was ready to leave, he replied, "No, I don't want to leave, I'm staying all night" and "there's a lot of people that are pissed off out there, and they are going to f***ing take this place over." ECF No. 1-1 at 7.

After his encounter with the police, Deneui made his way to the Senate Wing Door of the U.S. Capitol Building. ECF No. 1-1 at 7–8. Deneui watched as another rioter attempted to kick out the window shutter. Deneui then helped a second rioter onto the windowsill; the second rioter attempted to break the shutters as well. The rioters kicked a hole in the shutters. The window was barricaded from the inside with furniture. A woman tried to damage the window with a flagpole with little or no effect. Deneui took the flagpole from the woman, looked inside the broken shutters, and pushed the furniture barricading the window. Members of the U.S. Capitol Police held the makeshift barricade in place.

Deneui then pulled out the flagpole, looked inside, and thrust the flagpole at an officer, hitting him on the shoulder. Deneui continued to damage the window and its shutters, causing more than $2,000 worth of damage.

On December 18, 2024, Deneui was arrested, charged by Complaint with eight counts, including assaulting an officer in violation of 18 U.S.C. § 111(a)(1); obstructing law enforcement during a civil disorder in violation of 18 U.S.C. § 231(a)(3); and destruction of government property in violation of 18 U.S.C. §§ 1361 and 2. Today, January 16, 2025, this Court released Deneui under personal recognizance subject to certain conditions, including staying away from the District of Columbia except for attendance at Court proceedings, meeting with his attorney or other members of the defense team, and for any business with the Pretrial Services Agency (PSA). This condition is necessary to ensure the safety of the community.

**ARGUMENT**

I.  **Applicable Authority**

The Bail Reform Act requires that a defendant on pretrial release be "subject to the least restrictive condition, or combination of conditions" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). This Court may "at any time amend [an] order [setting conditions of release] to impose additional or different conditions." *Id.* § 3142(c)(3). In determining appropriate conditions of release, the judicial officer considers factors including: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence"; (3) "the history and characteristics" of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g).

II.  **The Court Should Not Modify the Defendant's Release Conditions**

Deneui asks the Court to modify his conditions of release to allow her to travel to Washington, D.C., on January 20, 2025. The United States opposes[1] because Deneui is already subject to the "least restrictive" combination of conditions necessary to ensure the safety of the community. 18 U.S.C. § 3142(c)(1)(B). Deneui was not required to post bond, and is not subject to home detention, a curfew, or GPS monitoring; instead, he must submit to supervision by PSA, cannot possess firearms or use certain controlled substances, and must abide by certain travel restrictions. Together with these relatively limited conditions, a travel restriction to prevent Deneui from returning to the scene of the crime creates the least restrictive combination of conditions

---

[1] At Deneui's Initial Appearance, the government initially opposed the requested modification and later deferred to the Court. The government apologizes for any confusion caused by the second statement.

required to mitigate the danger that she poses to the community and to law enforcement officers.

Deneui is accused of violent offenses and acts of vandalism that were part of a full-scale riot that attacked the U.S. Capitol and sought to thwart the peaceful transfer of power. His actions are more akin to defendants whose travel requests have been denied. Deneui participated in the riot wearing body armor and wielding a police baton—he was geared for a fight. His weapon confiscated, Deneui used a flagpole as an improvised weapon and attacked a police officer who was barricading the window that Deneui and other rioters were attempting to destroy. And this was not merely an act of destruction. One can reasonably infer that the rioters were destroying the window to gain access to the U.S. Capitol Building. His actions are more akin to those of defendants whose travel requests have been denied.

In other cases involving violence, threats, or weapons, judges of this court have denied the defendant's request to travel to the District to attend the presidential inauguration. *See* Order, *United States v. Christopher Belliveau*, No. 24-cr-327-TJK (D.D.C. Jan. 2, 2025) (denying travel due to the "very serious nature of the charges . . . including assaulting [an officer using chemical spray], the strong weight of the evidence, and the nature and seriousness of the danger to any person or the community"); Order, *United States v. Russell Taylor*, No. 21-cr-392-RCL, ECF No. 522 at 5 (D.D.C. Jan. 3, 2025) (denying travel to defendant who received a probationary sentence "who conspired and acted to thwart the peaceful transfer of power four years ago with incitement, threats, and weapons"); Order, *United States v. Tatum*, No. 24-cr-291-JDB, ECF No. 30 at (D.D.C. Jan. 4, 2025) (denying travel where, "most significantly," defendant faced multiple charges involving physical violence or use of a dangerous or deadly weapon, and government averred possession of video evidence). Deneui fits squarely in this category of violent conduct.

4

By contrast, judges from this jurisdiction have modified release conditions to allow some misdemeanants to travel to Washington, D.C., for the presidential inauguration. Generally, these cases involve non-violent misdemeanants. *See, e.g.*, Order, *United States v. Cindy Young*, No. 23-cr-241-TSC-GMH (D.D.C. Jan. 10, 2025) (permitting travel for defendant convicted of non-assaultive conduct that did not involve vandalism); Order, *United States v. Kevin Moore et al.*, No. 24-cr-427-JDB, ECF No. 54 at 6 (D.D.C. Jan. 10, 2025) (permitting travel where defendant committed "four nonviolent misdemeanors"); Order, *United States v. Pope*, No. 21-cr-128-RC, ECF No. 386 (D.D.C. Jan. 7, 2025) (permitting travel where defendant was "not charged with assault or vandalism-related charges"); Order, *United States v. Peterson*, No. 24-cr-376-TSC (D.D.C. Dec. 19, 2024) (permitting travel for defendant who was inside the Capitol building for 8 minutes and pleaded guilty to one misdemeanor); Order, *United States v. Lee*, No. 21-cr-303-ZMF, ECF No. 150 at 5 (D.D.C. Jan. 15, 2025) (permitting travel for misdemeanant not charged with "violent crimes"). Deneui is accused of more serious criminal conduct, and the first factor weighs heavily against his travel request.

Turning to the weight of the evidence, like many other January 6 prosecutions, there is ample video and photographic evidence of Deneui's acts of violence and vandalism. Redacted Statement of Facts, ECF No. 1-1 (documenting some videos and images gathered in Deneui's case). That evidence shows that he arrived at the riot wearing body armor, that he wielded a baton, that he assaulted an officer with a flagpole, and engaged in acts of vandalism. The fact that the government has footage of Deneui's crimes weighs in favor of denying modification of release conditions. *See United States v. Tatum*, No. 24-cr-291-JDB, ECF No. 30 at 3 (D.D.C. Jan. 4, 2025) (noting that the footage allegedly depicted "Tatum using a flagpole on the frontlines with police").

We know little about defendant's history and characteristics. While Deneui has no prior

convictions or instances of noncompliance while on personal recognizance, he has been subject to these pretrial conditions for only a month. That is not a lengthy record of success. Moreover, he does not present a character reference or other endorsement suggesting that he has a law-abiding nature. It might not do him any good anyway, as such good qualities and adherence to terms of release are only of marginal importance when balancing these factors. *See* Order, *United States v. Russell Taylor*, No. 21-cr-392-RCL, ECF No. 522 at 4 (D.D.C. Jan. 3, 2025) (declining to change conditions of release despite character reference from Utah Congressman Chris Stewart).

The fourth and final factor weighs in favor of maintaining the condition of release limiting Deneui's unauthorized travel to the District of Columbia. Deneui's acted violently toward police when they were trying to keep rioters out of the Capitol building and protect the people inside. On January 20, 2025, and the days leading up to it, police are tasked with keeping the community safe from people like Deneui who have a history of violently confronting people who disagree with his political views. Deneui should not be allowed to return to the District of Columbia, especially not on days when multiple events and protests already demand heightened security measures due to the risk of clashes between groups with politically opposing views.[2]

Balancing these four factors, the calculus weighs against allowing Deneui to attend the presidential inauguration. The release condition restricting his travel to Washington, D.C., should therefore not be modified.

---

[2] Ellie Silverman, D.C. prepares for more than 200,000 inauguration visitors – and protestors, The Washington Post, Jan. 13, 2025, https://www.washingtonpost.com/dc-md-va/2025/01/13/dc-inauguration-donald-trump-security-protest/.

**CONCLUSION**

For the reasons described above, the United States respectfully requests that this Court deny Deneui's motion to modify condition of release.

                                      MATTHEW M. GRAVES
                                      UNITED STATES ATTORNEY
                                      D.C. Bar No. 481052

By: */s/ Carlos A. Valdivia*
      CARLOS A. VALDIVIA
      D.C. Bar No. 1019242
      Assistant United States Attorney
      U.S. Attorney's Office for the District of Columbia
      601 D Street, NW
      Washington, D.C. 20530
      (202) 252-7508
      Carlos.Valdivia@usdoj.gov