UNITED STATES DISTRICT COURT

FOR THE DISTICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-mj-380 |
| : | |
| DANIEL DENEUI : | |
| : | |
| Defendant. : | |

**<u>MEMORANDUM ORDER</u>**

     Pending before the Court is Defendant's motion, filed yesterday, to travel to Washington, D.C., on January 18-21 to attend the inauguration of President-Elect Trump. *See* ECF No. 10. The government opposes the motion, arguing that Defendant "presents a danger to the D.C. community, including the very law enforcement officers who defended the Capitol on January 6, 2021," some of whom, no doubt, would be responsible for keeping the peace at the Capitol during the inauguration on January 20, 2025. ECF No. 12 at 1. The Bail Reform Act requires that defendants on pretrial release be "subject to the least restrictive condition[s]" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(c)(1)(B). In determining those conditions, courts must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. *Id.* §3142(g). Balancing those factors, the Court finds they weigh against granting Defendant's motion to return to the Capitol for the inauguration.

Defendant is charged by complaint with serious crimes, including civil disorder, destruction of government property, and assaulting a law enforcement officer at the U.S. Capitol on January 6, 2021. Those charges arise from his alleged conduct that was particularly violent, even as measured by the extraordinary events of that day. The government aptly describes Defendant's role as follows: "Deneui participated in the riot wearing body armor and wielding a baton—he was geared for the fight. His weapon confiscated [by law enforcement], Deneui used a flagpole as an improvised weapon and attacked a police officer who was barricading the window that Deneui and other rioters were attempting to destroy. And this was not merely an act of destruction. One can reasonably infer that the rioters were destroying the window to gain access to the U.S. Capitol building." ECF No. 12 at 4. Those allegations are substantially similar to the conduct of other January 6 defendants whose requests to attend the inauguration have been denied by other judges of this court. *See, e.g.*, Minute Order, *United States v. Belliveau*, No. 24-cr-327 (TJK) (D.D.C. Jan. 2, 2025) (denying inauguration travel request where January 6 defendant is accused of using a dangerous weapon, that is, chemical spray, and inflicting bodily injury on a law enforcement officer); Memorandum Opinion, *United States v. Charles Pratt*, 24-cr-563 (LLA) (D.D.C. Jan. 8, 2025)(denying inauguration travel request where January 6 defendant is accused of "grabbing and shoving U.S. Capitol Police officers, and, on one occasion, struggling with an officer over his police baton"); Order, *United States v. Tatum*, No. 24-cr-291 (JDB) (D.D.C. Jan. 4, 2025) (denying inauguration travel request where January 6 defendant is accused of using a dangerous weapon, that is, a flagpole, and "participating in the mob that made a coordinated attempt to breach the police line in the Lower West Terrace tunnel"); Memorandum Order, *United States v. Taylor*, 21-cr-392-2 (RCL) (D.D.C. Jan. 3, 2025) (denying inauguration travel request where January 6 defendant admitted to bringing weapons

and a body armor to the Capitol, and encouraging others to do the same; and threaten officers during the Capitol riot). And they differ markedly from the conduct of those January 6 defendants who have been permitted to attend the inauguration. *See, e.g.,* Order, *United States v. Cindy Young*, No. 23-cr-241 (GMH) (D.D.C. Jan. 10, 2025)(granting inauguration travel request for January 6 defendant convicted of four misdemeanors involving non-assaultive conduct and no vandalism); Order, *United States v. Moore*, No. 24-cr-427 (JDB) (D.D.C. Jan. 10, 2025) (granting inauguration travel request for two January 6 defendants charged with non-violent misdemeanors); Order, *United States v. Pope*, No. 21-cr-128 (RC) (D.D.C. Jan. 7. 2025) (granting inauguration travel request for January 6 defendant "not charged with assault or vandalism-related charges"); Minute Order, *United States v. Peterson*, No. 24-cr-376 (TSC) (D.D.C. Dec. 19, 2024) (granting inauguration travel request for January 6 defendant who has pleaded guilty to one non-violent misdemeanor); Order, *United States v. McClain*, No. 24-mj-281 (D.D.C. Dec. 17, 2024) (granting inauguration travel request for January 6 defendant charged with four non-violent misdemeanors).

The strength of the evidence against the Defendant also weighs against granting his motion. Like many other January 6 cases, the government appears to have ample video and photographic evidence of Defendant's acts of violence and vandalism at the Capitol. *See* ECF No. 1-1. Nor will proving Defendant's identity be a heavy lift. The government's video and photographic evidence is crystal clear, and in one body-worn camera, he purportedly identifies himself to law enforcement as "Dan Denuei." *See United States v. Blackson*, No. 23-3020, 2023 WL 1778194 (D.D.C. Feb. 6, 2023) ("If the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that . . . may indicate that the

3

defendant is a present danger to . . . the community if the government's allegations later prove to be true.").

The fourth factor also weighs against permitting Defendant's request to attend the inauguration. Defendant allegedly engaged in acts of vandalism at the Capitol and violence against law enforcement seeking to protect it prior to the last inauguration. That conduct weighs heavily against his specific request to return to the Capitol now for the upcoming inauguration, especially because there will be a large law enforcement presence seeking to preserve the peace, and, as the government points out, "multiple events and protests already demand[ing] heightened security measures due to the risk of clashes between groups with politically opposing views." ECF No. 12 at 6.

Seeking to avoid the denial of his motion, Defendant relies on his compliance with his conditions of release to date and his lack of criminal record. Neither is sufficient to overcome the other factors that weigh in favor of denying his request. Indeed, Defendant has only been on release for a month, a length of time insufficient to reliably assess future compliance. As for his lack of criminal history, that is significant and to Defendant's credit, and the Court has considered it along with the other section 3142(g) factors. However, as another judge of this court observed when denying a similar request, Defendant's "motion presents only the narrow question of whether a person who conspired and acted to thwart the peaceful transfer of power four years ago with incitement, threats, and weapons, should now be granted special permission to attend the celebration of the peaceful transfer of power. The answer to that question is 'no,' whether or not he is, generally speaking, a good person." Memorandum Order, *United States v. Taylor*, 21-cr-392-2 (RCL) (D.D.C. Jan. 3, 2025).

Accordingly, it is hereby **ORDERED** that Defendant's Motion is **DENIED**.

Date:  January 17, 2025

                                                                                            _____
G. Michael Harvey
United States Magistrate Judge